```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KIA HABISREITINGER                              CIVIL ACTION

VERSUS                                          NO: 07-5426

AAA AUTO CLUB FAMILY                            SECTION: J(5)
INSURANCE COMPANY, ET AL
```

### ORDER AND REASONS

Before the Court is Defendant Auto Club Family Insurance Company's **Motion to Strike Any Experts Identified by Plaintiff (Rec. Doc. 28)**.  This motion, which is opposed, was set for hearing on April 2, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be denied.

### Background Facts

This case arises out of property damages sustained by Plaintiff as a result of Hurricane Katrina.  Defendant issued a homeowner's policy covering Plaintiff's residence located in New Orleans, Louisiana.  Plaintiff originally filed suit in Louisiana state court for the Parish of Orleans, alleging breach of

contract and seeking additional penalties and attorneys' fees. Defendant subsequently removed the case pursuant to this Court's diversity jurisdiction.

This Court entered a Scheduling Order on November 5, 2007. Relevant to the instant motion is the deadline by which Plaintiff was to obtain and deliver to defense counsel written reports of experts, or February 8, 2008.

### **The Parties' Arguments**

Defendant moves this Court to strike Henry Newton and/or any other persons identified as proposed expert witnesses by Plaintiff, as well as any reports prepared by and/or the testimony of Henry Newton and/or any other such persons from being introduced at trial of this matter, due to Plaintiff's failure to provide Defendant with any reports prepared by the February 8, 2008 deadline.  Defendant refers to the language contained within the Scheduling Order stating that the "Court will not permit any witness, expert or fact, to testify . . . unless there has been compliance with this Order as it pertains to the witness."

According to Defendant, as of the date of the filing of the instant motion, March 14, 2008, Plaintiff has not provided Defendant with any reports from individuals that Plaintiff alleges to be expert witnesses.  However, Plaintiff's witness list, filed March 10, 2008, identifies Henry Newton as a proposed

2

witness. Additionally, Plaintiff's exhibit list, filed March 10, 2008, identifies "any report prepared by Henry Newton" as an exhibit that may be introduced at trial.

In opposition, Plaintiff refers to the factors considered by the Fifth Circuit when reviewing a district court's exclusion of evidence that was not properly designated. In <u>Geiserman v. MacDonald</u>, the court set out the following four factors: (1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice. 893 F.2d 787, 791 (5th Cir. 1990).

Plaintiff argues that these four factors weigh in favor of Plaintiff submitting the report of her expert witness, however untimely it is. Plaintiff states that the expert report of Henry Newton can be delivered to counsel for Defendant as early as March 31, 2008.

In addition to the <u>Geiserman</u> factors, Plaintiff must show good faith. Plaintiff represents that both she and her attorney have shown good faith in working with Defendant.

### **Discussion**

This Court determines that Defendant's motion to strike Plaintiff's experts should be denied. Counsel for Plaintiff should note, however, the importance of making all efforts to comply with Orders of this Court, and to request extensions when

needed.  Further violations of Orders of this Court may result in appropriate sanctions.  Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Strike Any Experts Identified by Plaintiff (Rec. Doc. 28)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion for Leave to File Reply Memorandum (Rec. Doc. 34)** is hereby **GRANTED.**

New Orleans, Louisiana, this 7th day of April, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE